CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

SEP 22 2016

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

DONALD CORNELIUS JACKSON,
    Plaintiff,

Civil Action No. 7:16-cv-00180

v.

**MEMORANDUM OPINION**

A. DAVID ROBINSON, et al.,
    Defendants.

By:  Hon. Jackson L. Kiser
      Senior United States District Judge

    Donald Cornelius Jackson, a Virginia inmate proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983. By its Order entered on July 7, 2016, the court advised Plaintiff that the complaint contained misjoined claims against misjoined defendants in violation of the Federal Rules of Civil Procedure. The Order directed Plaintiff to file an amended complaint without misjoined claims and misjoined defendants. The Order also informed Plaintiff that the proposed amended complaint must stand by itself without reference to prior filings and warned that a failure to comply would result in dismissal of the complaint without prejudice.

    Despite receiving an extension of time, Plaintiff sought to supplement the complaint and still pursues misjoined claims against misjoined defendants. Although Plaintiff withdraws a claim about the calculation of good conduct time, he still alleges disparate claims involving his eyelid, a religious diet, retaliation, access to courts, a settlement from a prior civil action, a prison transfer, and personal property. However, Plaintiff does not describe a sufficient nexus between any of the claims and defendants, and consequently, Plaintiff has failed to comply with the court's Order. Accordingly, the motion to amend is denied as futile, and the complaint is dismissed without prejudice due to the failure to comply pursuant to Federal Rule of Civil Procedure 41(b). See Ballard v. Carlson, 882 F.2d 93, 96 (4th Cir. 1989) (stating pro se litigants must respect court orders and dismissal is an appropriate sanction for non-compliance); Donnelly v. Johns-Manville Sales Corp., 677 F.2d 339, 340-41 (3d Cir. 1982) (recognizing a district court

may sua sponte dismiss an action pursuant to Fed. R. Civ. P. 41(b)); see also Foman v. Davis, 371 U.S. 178, 182 (1962) (noting a court may deny a motion to amend due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment or futility of the amendment").

ENTER: This 22nd day of September, 2016.

/s/ Jackson L. Kiser
Senior United States District Judge